UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MAO GE BASCOM LLC, et al.,<br><br>　　　　Defendants. | Case No.16-cv-04169-HRL<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 30 |

Plaintiff Scott Johnson ("Johnson") sues Defendants Mao Ge Bascom, LLC ("MGB"), Big Dog Sports, Inc. ("Big Dog"), and Larry Whitaker ("Whitaker") for violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act. Dkt. No. 1. In the motion pending before the court, MGB moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and requests that the court sanction Johnson. Dkt. No. 30. All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 12, 16, 35, 40. For the reasons described below, the court denies Defendant's motion to dismiss and request for sanctions.

**BACKGROUND**

Johnson, alleging various barriers to accessibility at 2942 South Bascom Ave, San Jose, filed a complaint against MGB, the property owner, and tenants Big Dog and Whitaker on July 24, 2016. Dkt. No. 1. The court set a deadline of September 22, 2016, for Johnson to complete service on defendants or request an extension. Dkt. No. 6. The order also set a deadline of November 7, 2016, for the parties to complete a joint site inspection pursuant to General Order 56. *Id.* Johnson timely served Whitaker on July 27 and Big Dog on August 13. Dkt. Nos. 7, 9.

The court issued a summons to Johnson for the purpose of serving MGB "c/o Mingming Mao" at an address in Saratoga. Dkt. No. 5. Johnson's process server attempted to effect personal service on MGB at this address on six occasions and at a second address on four occasions

between July 28, 2016, and September 1, 2016. Dkt. No. 33, Ex. 4. Each attempt failed. *Id.*

On August 29, 2016, attorney Michael Welch ("Welch") filed an answer on behalf of Big Dog, Whitaker, and MGB. Dkt. No. 10. It is now clear that Welch was mistaken about which Defendants he represented (he is actually counsel for Big Dog only). Johnson asserts that he stopped attempting to serve MGB after that time because he thought MGB had made a general appearance. Dkt. No. 33, Carson Decl., ¶ 6.[1]

Welch has never represented MGB in this matter. Dkt. No. 30, Mao Decl., ¶ 8. On October 5, 2016, Welch filed a second answer to the complaint on behalf of Big Dog and Larry Whitaker only. Dkt. No. 14. One month later, attorney Melissa Wood ("Wood") filed an answer on behalf of Whitaker. Dkt. No. 15. At no point, however, has Welch moved to withdraw his first answer or to withdraw as counsel for MGB or Whitaker. And the attorneys representing Johnson have no record of Welch communicating his error to them. Dkt. No. 33, Carson Decl., ¶ 5. At the same time, Johnson has not suggested that his counsel reached out to Welch for clarification.

Following Whitaker's answer, little happened. The parties failed to conduct the joint site inspection required by the court's scheduling order, even after being granted an extension, and the court set a status conference. Dkt. Nos. 20, 22. In February, Johnson's counsel at last learned—from Wood—that MGB had never been served and had never appeared. Dkt. No. 33, Carson Decl., ¶ 8. One month later, Johnson's process server made five additional attempts to serve MGB (at the second address), none of which succeeded. Dkt. No. 33, Ex. 6. Johnson's counsel sent a Notice of Acknowledgment of Receipt of Summons and Complaint to MGB at the Saratoga address in March 2017, but it has not been returned. Dkt. No. 33, Carson Decl., ¶ 10.

Before the status conference, Johnson, Wood, and Welch filed a notice of settlement stating that a "global settlement" had been reached. Dkt. No. 28. The settlement agreement fell apart, however, after it became clear MGB was not involved. Dkt. No. 29.

MGB filed a motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil

---

[1] MGB objects that Carson's declaration should be stricken as inadmissible for lack of personal knowledge because Carson is not an attorney of record in this case. The court rejects this argument, as Carson's declaration contains other statements establishing personal knowledge.

2

Procedure on April 21, 2017. Dkt. No. 30. MGB asserts that it was never served, that it never evaded service, and that its agents were never contacted by Johnson about the alleged accessibility barriers. Dkt. No. 30, Mao Decl., ¶¶ 1, 3. MGB argues that no good cause exists for Johnson's failure to complete service because Johnson failed to file a request for an extension and Johnson's counsel's mistakes and inadvertence do not constitute good cause. Dkt. No. 30.

MGB also argues that the court should award it attorney fees as a sanction for Johnson's alleged misconduct in failing to correct the allegations of the complaint and in making a false statement to the court. *Id.* MGB's owner, Mingming Mao ("Mao") asserts that he voluntarily altered the parking lot, such that the allegations of the complaint are no longer accurate. *Id.*, Mao Decl., ¶ 5. Mao also asserts that he was dishonored by Johnson's representation to the court that MGB would not participate in a joint status report (when it had not been served). *Id.*, ¶ 6. Finally, MGB argues that it has been prejudiced because of the missed opportunities to participate in the litigation to date, including the negotiations for the aborted settlement. Dkt. No. 30.

Johnson, in response, argues that good cause exists for his failure to serve MGB because Defendant evaded service and had actual notice of the suit, because the failure to complete service was due to Welch's answer on behalf of MGB and his subsequent failure to communicate his mistake, and because Johnson diligently attempted to effectuate service after learning of his error. Johnson further argues that sanctions are not appropriate because he had no duty to amend the complaint, MGB has not been prejudiced (as very little has occurred in the suit), and because Johnson should not have to pay for Welch's error.

**LEGAL STANDARD**

Rule 12(b)(5) of the Federal Rules of Civil Procedure permits the court to dismiss a claim for insufficiency of service of process. *See* Fed. R. Civ. P. 12(b)(5). When a Defendant challenges the validity of service, the plaintiff bears the burden of proving that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If service was not timely completed, the court may dismiss the complaint; but the court must extend the time to complete service upon a showing of good cause. *In Re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Absent good cause, the court has discretion to dismiss the suit without prejudice or to extend the time for

3

plaintiff to complete service. *Id.* at 513.

## DISCUSSION

Factors that may establish good cause for failing to complete service[2] include: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* at 512 (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). Good cause generally means that, "'service has been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control.'" *Chemehuevi Indian Tribe v. Wilson*, 181 F.R.D. 438, 440 (N.D. Cal. 1998). Absent good cause, courts may consider various factors in exercising their discretion to extend the time for service, including a statute of limitations bar, prejudice to the defendant, actual notice, eventual service, the length of the delay in completing service, and the reasons for the delay. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). Courts have dismissed suits for insufficient service of process where the party defending service was not diligent, even after learning of the defective service, *Cardenas v. City of Chicago*, 646 F.3d 1001, 1006-07 (7th Cir. 2011); where counsel simply forgot about the time limits for service of process, *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985); and where counsel made no attempt to serve the summons and complaint during the time for service, *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987).

On the whole, Johnson's efforts to litigate this suit have been unimpressive. He has neglected court-ordered deadlines, and more proactive counsel could have prevented the delays and confusion described above through timely communication with opposing counsel.

Nevertheless, the principle obstacles to timely service were factors beyond Johnson's control. Johnson attempted to timely serve MGB ten times. Only when MGB seemed to make a general appearance due to Welch's mistake did Johnson cease attempts at service. Though more diligent counsel could have questioned Welch's and Wood's subsequent answers, Welch never moved to withdraw his initial answer or his listing as counsel for MGB on the court's docket.

---

[2] Johnson makes a half-hearted argument that service has been completed. He has not demonstrated good service, however, and the court rejects this argument.

4

As for prejudice to the defendant, despite the long duration of this lawsuit, little of substance has actually occurred. There has been no motion practice, the parties did not ultimately reach a settlement agreement, and the joint site inspection has not yet occurred. MGB has not been prejudiced by its absence, and it would not be prejudiced by service at this point in the suit.

Finally, MGB appears to have had actual notice of this suit from an early date. MGB's counsel stated at the hearing that her client learned of the suit before Welch's second answer, indicating that MGB has had actual notice of this suit since October 5, 2016, at the latest.

These circumstances warrant an extension in time to complete service.[3]

To address the remaining issue raised by MGB's motion, Johnson's conduct, though not exemplary, does not seem to have been in bad faith and does not merit sanctions. The representations Johnson's attorneys made to the court about MGB's non-participation in a status report apparently reflected their understanding of the status of the suit and the parties, and their confusion was understandable in light of others' mistakes. Further, as stated above, MGB has not been prejudiced by the failed settlement agreement, as the agreement did not come to fruition. Finally, the court is not persuaded that Johnson's failure to amend the complaint merits sanctions.

## CONCLUSION

For these reasons, the court denies Defendant's motion to dismiss and extends the time for Johnson to complete service. Johnson shall have thirty days from the date of this order to serve MGB. MGB's request for sanctions is denied.

**IT IS SO ORDERED.**

Dated: 6/14/2017

HOWARD R. LLOYD
United States Magistrate Judge

---

[3] MGB argues, citing *Cardenas*, *Wei*, and *Townsel*, that Johnson's inadvertence and sloppiness do not merit extending the time to complete service. But these cases are distinguishable. Here, Johnson attempted service numerous times and Johnson's counsel's inadvertence stemmed from an uncorrected (or a partially corrected) mistake by another party's counsel.

5